**Alice MIRAK, et al., Plaintiffs,**

v.

**McGHAN MEDICAL CORPORATION, et al., Defendants.**

**Civ. A. No. 89–2983–H.**

United States District Court, D. Massachusetts.

April 8, 1992.

Walter Henry McLaughlin, Jr., William F. York, and Fredric L. Ellis, Gilman, McLaughlin & Hanrahan, Boston, Mass., for plaintiffs.

Peter L. Puciloski, Sugarman, Rogers, Barshak & Cohen; Nicholas S. Guerrera, Thomas M. Kiley, P.C. & Associates, Boston, Mass.; Arthur Bryant; and Priscilla Budeiri, and Anne W. Bloom, Washington, D.C., for defendants.

MEMORANDUM OF DECISION

LAWRENCE P. COHEN, United States Magistrate Judge.

After hearing, the Motion of Command Trust Network, Inc., for Leave to Intervene, to Vacate the Protective Order, and to Require Filing of Discovery in Court (# 101) is allowed to the extent that Com-

mand Trust Network, Inc., seeks to intervene for the purpose of moving to vacate the protective order heretofore entered into by the parties, and for the purpose of seeking an order requiring filing of discovery in court.

To the extent, however, that Command Trust Network, Inc., seeks substantive relief—*i.e.*, vacation of that protective order, and the *filing* of discovery, that motion is—at this time—denied without prejudice for the reasons set forth below.

Plaintiffs' Motion for Relief from Confidentiality Stipulation and Protective Order (# 93) is allowed in part and denied in part.

## I. *The Motion filed by Command Trust Network, Inc.*

### A. *Procedural Posture*

On or about December 21, 1989, plaintiffs filed their complaint in this court alleging claims in the nature of products liability—*i.e.*, that defendants negligently designed and/or manufactured breast implants. On or about June 15, the case was referred to this court for Rule 16(b) proceedings. An initial conference was held on July 31, 1991. During the course of that first conference, this court, and counsel for the parties, generally discussed impending discovery matters which might require judicial intervention. This court directed the filing of appropriate motions to compel, and conditioned the filing of the amendments to pleadings to a period of three months after ruling on the anticipated motions to compel (# 64). In addition, following that conference, this court entered a Rule 16(b) discovery order which, among other things, consistent with the provisions of Rule 5(d), F.R.Civ.P., and Rule 16(g)[1] of the Local Rules of this Court,[2] prohibited the filing of discovery materials except to the extent permitted by Rule 16(g).[3]

Thereafter, the parties appeared for a hearing *vis a vis* cross-motions to compel. Many of the matters briefly addressed at the first conference had been rendered moot by virtue of the fact that plaintiffs and defendant McGhan had entered into a confidentiality agreement and stipulated protective order (# 80)[4]—approved by this court—which obviated most, if not all, concerns raised by defendant McGhan.[5]

Because of that protective order,[6] discovery then proceeded without incident.

---

1. Since redesignated Rule 33–36(f) of the Local Rules of this Court.

2. Those rules provide—
   **RULE 5, F.R.CIV.P.**
   (d) **Filing.** All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter, but the court may on motion of a party or on its own initiative order that depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers, and responses thereto not be filed unless on order of the court or for use in the proceeding.
   **LOCAL RULE 33–36(f)**
   (formerly Rule 16(g))
   (f) **Nonfiling of Discovery Materials.** Depositions upon oral examinations and notices thereof, interrogatories, requests for documents, requests for admissions, and answers and responses thereto, shall not be filed unless so ordered by the court or for use in the proceeding. The party taking a deposition or obtaining any material through discovery is responsible for its preservation and delivery to the court if needed or so ordered. If for any reason a party or concerned citizen believes that any of the named documents

should be filed, an *ex parte* request may be made that such document be filed, stating the reasons therefor. The court may also order filing *sua sponte*. If relief is sought under Fed.R.Civ.P. 26(c) or 37, copies of the relevant portions of disputed documents shall be filed with the court contemporaneously with any motion. If the moving party under Fed. R.Civ.P. 56 or the opponent relies on discovery documents, copies of the pertinent parts thereof shall be filed with the motion or opposition.

3. That Order (# 64) provided—
   3. No discovery materials shall be filed except to the extent consistent with the provisions of Rule 16(g) of the Local Rules of this Court.

4. It is this protective order which the intervenor now seeks to vacate.

5. The remaining matters were ruled upon by this court on December 19, 1990.

6. That protective order provided—
   STIPULATION AND PROTECTIVE ORDER
   It is hereby stipulated and agreed by and between Plaintiff, Alice Mirak, and Defendants,

Defendant McGhan established a document depository of sorts and permitted counsel for plaintiffs to simply peruse through any and all documents—and to make copies of any and all documents plaintiffs chose. Pursuant to this agreement, counsel for plaintiffs copied—and currently has possession of—some thirteen thousand documents, more or less, most of which, if not all, were marked confidential by defendant McGhan, and the relevance and/or discoverability of which have not been challenged by the defendant McGhan prior to the motions currently pending before this court.

### B. *The Intervenor*

Command Trust Network, Inc. ("Command Trust"), is a nonprofit organization co-founded by Sybil N. Goldrich. The purpose of that organization is—among other things—to educate women about the potential health hazards associated with silicone

---

McGhan Medical Corporation and Minnesota Mining & Manufacturing Company (hereinafter collectively "Defendant"), as follows:

1. Defendant may reasonably designate as "confidential material" all or any part of:

(a) Its answers to interrogatories;

(b) Transcripts of depositions of its present and former officers, directors, employees, agents and representatives;

(c) Documents which it produces; and,

(d) Any other discovery or disclosure made by it in this litigation.

Defendant agrees that the designation of material as confidential shall be only after a bona fide determination that the material is in fact a trade secret or other confidential research or commercial information. Said designation of confidentiality, upon review by Plaintiff, may be submitted to the Court for determination.

2. The designation of confidential material shall be made by placing or affixing on the material, in a manner which will not interfere with its legibility the word "CONFIDENTIAL. The designation of confidential material shall be made prior to, or contemporaneously with, the production or disclosure of that material.

3. Material or information designated as confidential under this Stipulation and Protective Order shall not be used or disclosed by any party or their counsel or any person acting on their behalf for any purpose whatsoever other than the preparation and trial of this action, and any appeal herein.

4. Counsel for Plaintiffs shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulation and Protective Order to any other person or entity except in the following circumstances:

(a) Disclosure may be made to employees of counsel who have direct functional responsibility for the preparation and trial of this action or in the appeal herein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter "expert") employed by counsel to assist in the preparation and trial of this litigation. Prior to disclosure to Plaintiff and any expert, they must agree to be bound by the terms of this Stipulation and Protective Order by executing the confidentiality Agreement annexed hereto as Exhibit A. A copy of each executed Confidentiality Agreement shall be delivered to counsel for Defendant at the time the Plaintiff lists its experts which it intends to call at trial. If disclosure is made to persons employed by competitors or to consultants hired by competitors of Defendant, McGhan Medical Corporation, then such persons must agree to not use such information for competitive purposes.

5. Counsel for Plaintiff shall keep all material or information designated as confidential which is received under this Stipulation and Protective Order in a secure and locked file with access limited to those persons with a need to know for the purpose of preparation of the case.

6. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Stipulation and Protective Order.

7. To the extent that any Answers to Interrogatories, transcripts of depositions, Responses to Requests for Admissions or any other papers filed or to be filed with the Court reveal or tend to reveal the contents of any information claimed to be confidential, these papers or any portion thereof shall be filed under seal with the Clerk of the Court in an envelope marked "SEALED" and shall be filed directly at the Clerk's Office with a copy of this Protective Order attached hereto.

8. The mode or method of use at any public hearing or at trial of any information designated as confidential shall be briefed and argued by the parties and determined by the court in advance of the hearing or trial at which the introduction or use of such information or material is anticipated.

9. Upon final termination of this action, whether by judgment, settlement, or otherwise, counsel for Plaintiffs shall assemble and return to counsel for Defendant all materials in their possession or subject to their control, which have been designated as confidential in accordance with the Stipulation and Protective Order.

breast implants.[7] By its motion (# 101), Command Trust seeks vacation of the confidentiality agreement and protective order, filing of *all* discovery materials, and access to *all* discovery materials.[8] Command Trust says that this is necessary to its mission of educating women as to the health hazards associated with silicone breast implants, and to educate the Food and Drug Administration as to those hazards at further hearings presently scheduled for April 20, 1992.[9]

## C. *Other Proceedings*

1. At the present time, the Food and Drug Administration is considering a moratorium on further surgical silicone breast implants. Further hearings are currently scheduled for April 20, 1992. *All* documents to which counsel for plaintiffs had access from McGhan have likewise been made available to the Food and Drug Administration.

2. A class action on behalf of *all* women who have had surgical silicone breast implants has been filed in the United States District Court for the Southern District of Ohio. *Donna Dante v. Dow Corning, et al.*, Civil Action No. C–1–92–057 (currently redesignated as *In Re: Breast Implant Litigation*, Civil Action No. C–1–92–057).[10] That class was certified some time prior to February 28, 1992. On February 20, 1992, that court entered an Order Establishing Document Depository under the terms of which all documents responsive to valid discovery requests would be deposited in the courthouse in the Southern District of Ohio.

## D. *Discussion*

In the circumstances, assuming proper grounds for intervention,[11] the intervenor's

---

**7.** Ms. Goldrich was a plaintiff in an action against silicone breast suppliers and/or manufacturers in a case filed in the Superior Court in California. Judgment was entered against her in that case on the basis of a motion for summary judgment.

**8.** It is not entirely clear precisely what discovery—beyond documents actually copied by plaintiffs and currently in the possession of counsel for plaintiffs, and, perhaps [but again not clear], documents to which counsel for plaintiffs had access in selecting those from which copies were made—Command Trust seeks. Since the bulk—if not the entirety—of the discovery from McGhan to date consists of documents, this action is currently taken in that context.

**9.** · As this court understands from the position of the parties, a majority of the documents marked confidential consists of (1) trade secret or proprietary information; and (2) Medical Device Reports ("MDR's") submitted by defendant McGhan to the Food and Drug Administration and related complaints which provide identifying data with respect to persons who had received surgical implants.
  Despite its all inclusive request for *all* documents, Command Trust has not, in its moving papers or otherwise, indicated the need—in terms of its mission—for the trade secret and proprietary information.
  With respect to the MDR's, even if Command Trust testifies at hearing scheduled before the Food and Drug Administration, although redacted summaries of the MDR's are available to Command Trust, or anyone else for that matter, under the Freedom of Information Act, see 21 C.F.R. § 803.9, Command Trust would *not* be

entitled to the actual unredacted MDR's. Thus, in a sense, Command Trust seeks to obtain from this court that which it could not from the Federal Food and Drug Administration—despite the fact that that agency has struck the balance between legitimate privacy concerns, on the one hand, and the public's need to know, on the other.

**10.** At the hearing before this court, counsel advised that defendant McGhan is a party defendant to that action.

**11.** Command Trust points to *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775 (1st Cir.1988), as authority for its position on intervention. Significantly, however, Command Trust has pretermitted a potential caveat carved out by that Court. There that court observed (*Id.* at 787, n. 12)—

  We have uncovered only one access case where standing was found lacking, but that case is clearly distinguishable. *Oklahoma Hospitals Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421 (10th Cir.1984), *cert. denied,* 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985), involved a protective order entered by stipulation covering documents solely in the hands of the parties. The court found that a third party lacked standing to attack the protective order because, even if the protective order were modified, the parties in possession of the documents would not, and could not be compelled to, disseminate the documents to the third party. *Id.* at 1424–25. Here, however, far from agreeing to the protective order, the plaintiffs to this action have opposed the protective order at every stage. Moreover, the plaintiffs have indicated clearly that

motion, as drafted, seeking *all* documents, in the present procedural posture, is denied without prejudice.

In contending that it is entitled to the relief sought, Command Trust, relying on the holding in *Public Citizen, supra,* simply contends: (1) *Discovery* documents need not be filed [and hence, access, as a practical matter, denied] only by virtue of the second clause of Rule 5(d),[12] F.R.Civ.P., and Rule 33–36(f) [formerly Local Rule 16(g), see footnote 1, *supra*] of the Local Rules of this Court; and (2) defendant has not made a showing of "good cause" for continued confidentiality of those *discovery* documents.[13] In the circumstances, however, this court finds and concludes that Command Trust is not entitled to the relief sought for two reasons:

1. First and foremost, the Court in *Public Citizen* assumed, apparently without objection by any parties to that case, that Rule 5(d), F.R.Civ.P., and Local Rule 16(g) governed the documents there in issue.[14]

they will disseminate the documents if permitted to do so. Because obtaining a modification of the protective order will, as a practical matter, guarantee Public Citizen access to documents in the plaintiffs' possession, Public Citizen has standing to seek the modification.

This case is far closer to that presented to the Tenth Circuit than that presented to the First Circuit in *Public Citizen.* In this case, precisely like that in *Oklahoma Hospitals Ass'n,* the documents which the intervenor seeks are in the custody of the parties based on a confidentiality agreement freely entered into by all parties. And in this case, like in *Oklahoma Hospitals Ass'n,* plaintiffs did *not* oppose the protective order; to the contrary, plaintiffs executed the very stipulated confidentiality agreement which formed the basis for the protective order. And finally, in this case, again like in *Oklahoma Hospitals Ass'n,* apart from some six categories of documents, discussed *infra,* plaintiffs do *not* seek vacation of the protective order to which they previously agreed.

Thus, for this reason, and one other—*i.e.,* all the documents to which Command Trust seeks access here will be made available to the very community which it represents in the action currently pending in the Southern District of Ohio—it is not entirely clear that Command Trust is entitled to, or should be permitted to, intervene under Rule 24(a) or Rule 24(b), F.R.Civ.P. But since this court reaches the mer-

In this court's view, however, neither rule so governs:

Rule 5(d) provides:

**(d) Filing.** All papers after the complaint *required to be served upon a party* shall be filed with the court either before service or within a reasonable time thereafter, but the court may on motion of a party or on its own initiative order that depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers, and *responses thereto* not be filed unless on order of the court or for use in the proceeding. (Emphasis added).

And Local Rule 16(g) [currently Local Rule 33–36(f)] provides:

**(f) Nonfiling of Discovery Materials.** Depositions upon oral examinations and notices thereof, interrogatories, requests for documents, requests for admissions, and answers and *responses thereto,* shall not be filed unless so ordered by the court or for use in the proceeding. The

its on the relief sought, there is no occasion to further explore that issue at this time.

**12.** That is to say, the first clause of Rule 5(d) mandates that all papers which must be served on the adverse party must be filed as well, while the second clause exempts from filing discovery documents if an order of the court—as in this case—exempts such filing.

**13.** Insofar as this court can determine, Command Trust does not contend that it has a common law or first amendment right to inspect those documents. And it is clear that it does not. *See e.g., Seattle Times v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Public Citizen, supra,* 858 F.2d at 788,

**14.** Acknowledging—as apparently conceded by Command Trust, see footnote 13, *supra*—that intervenors do not have a common law or constitutional right of access to discovery documents, the Court in *Public Citizen* based its holding solely on compliance with the Federal Rules of Civil Procedure. *Id.,* at 788–89 ("Rather, Public Citizen has based its claim *on* [emphasis in original] the federal rules.... Public Citizen asks for no more than compliance with the legislative scheme as embodied in the federal rules ... But nothing in those opinions [rejecting a common law or constitutional right of access] purported to elevate privacy and efficiency as factors to be considered over and above compliance with the federal rules.")

party taking a deposition or obtaining any material through discovery is responsible for its preservation and delivery to the court if needed or so ordered. If for any reason a party or concerned citizen believes that any of the named documents should be filed, an *ex parte* request may be made that such document be filed, stating the reasons therefor. The court may also order filing *sua sponte.* If relief is sought under Fed. R.Civ.P. 26(c) or 37, copies of the relevant portions of disputed documents shall be filed with the court contemporaneously with any motion. If the moving party under Fed.R.Civ.P. 56 or the opponent relies on discovery documents, copies of the pertinent parts thereof shall be filed with the motion or opposition. (Emphasis in first sentence added).

Rule 5(d)—and, derivatively, Local Rule 16(g)—by its very terms, applies only to pleadings *required to be served upon a party.* That is to say, Rule 5(d) must be read in conjunction with Rule 5(a), F.R.Civ.P. That rule, in turn, only requires *service* when required by the Federal Rules of Civil Procedure in general, or, in particular *vis a vis* discovery, "... every paper relating to discovery *required to be served upon a party ...*". (Emphasis added).

Nothing in the Federal Rules of Civil Procedure in general, and nothing in those rules relating to discovery in particular, *require service* of documents on the adversaries.

Discovery of documents under the Federal Rules of Civil Procedure is governed by Rule 34. That rule provides, in pertinent part:

   (a) **Scope.** Any party may serve on any other party a request (1) to produce and permit the party making the request ... to inspect and copy, any designated documents ...

   (b) **Procedure.**  * * * * *

The party upon whom the request is served shall *serve* a *written response* within 30 days after the service of the request.... *The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated.* (Emphasis added).

Accordingly, under the Federal Rules of Civil Procedure generally, and under Rule 34 of those Rules in particular, defendant McGhan, upon receipt of plaintiff's request for production of documents, was required only to serve on counsel for plaintiffs (and hence, file under Rule 5(d)) a *written response* which *"shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated"*—nothing more, and nothing less.

In this case, defendant McGhan fully complied with Rules 5(a) and 34. Plaintiffs served their request for production of documents on defendant McGhan on February 26, 1990. Defendant McGhan, in turn, served its response to that request on plaintiffs on April 9, 1990. (Plaintiffs' Motion to Compel Production of Documents from Defendant, McGhan Medical Corporation (# 54, ¶ 3)). And, indeed, that *response* was subsequently filed with the court,[15] has been spread upon the public record, and is available to all.

Accordingly, this court finds and concludes that—with deference to the holding in *Public Citizen,* a holding limited to the matters raised by the parties in that particular case—neither Rule 5(a), Rule 5(d), Rule 34(b), nor any other rule of the Federal Rules of Civil Procedure, *requires service* or *filing* of documents made available for inspection and/or copying pursuant to a request made under Rule 34(a), F.R.Civ.P.[16]

---

**15.** Not as a formal filing as such, but rather as Exhibit A to Plaintiffs' Motion to Compel Production of Documents from Defendant, McGhan Medical Corporation (# 54).

**16.** And that, of course, assumes that the documents made available to counsel for plaintiffs were *pursuant* to their Rule 34 request. For the reasons that follow in the text (Part I.D.2 of this Memorandum of Decision), however, that may well not be, inasmuch as plaintiffs were appar-

That being the case, Local Rule 16(g), and its requirement of "good cause", is simply beside the point.

2. Secondly, and equally as important, even without gainsaying the holding in *Public Citizen*,[17] the chink in the intervenor's position is that, in the present posture of this case, it simply puts the cart before the horse. That is because the argument assumes that the documents currently in the possession of counsel for the plaintiffs, and the documents to which counsel had access in the depository provided by defendant McGhan are, indeed, *discovery* documents.

In the circumstances, that threshold showing has not been made. It is clear that *discovery* documents, as that term is used in Rule 5(d) and Local Rule 16(g), means something more than *any* document which might be in the possession of one party or another, or *any* document which, apart from the discovery rules set forth in the Federal Rules of Civil Procedure, one party tenders or shows to another party. It is clear that, in context, *discovery* documents within the meaning of those rules must mean documents which, over the objection of one party or the other, must be provided to the adversary under Rules 26 through 37 of the Federal Rules of Civil Procedure, and particularly Rule 34, that is, documents (and/or other discovery information) which is *relevant* and not otherwise *privileged.* *See* Rule 26(b)(1), F.R.Civ.P.

In its present posture, this case is like that presented in *Oklahoma Hospitals Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421 (10th Cir.1984), *cert. denied,* 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985). There, in denying a claim for access to documents by an intervenor—albeit on grounds of "standing"—that Court observed (*Id.* at 1425):

> Such is the case here. The district court entered protective orders in order to expedite a discovery process involving literally hundreds of thousands of documents, many of which were subject to claims of privilege. At that stage in the litigation, *those documents had not been filed with the court and certainly had not satisfied threshold tests of relevancy and admissibility.* They therefore were not available to the public generally, and OPUBCO does not have standing to complain about the existence of the protective order.

So too, here. Based on the stipulation of confidentiality entered into by the plaintiffs, defendant McGhan opened its doors to freewheeling document inspection, permitting plaintiffs to pick and choose as they desired, without reference to the issue of relevancy, privilege, and/or admissibility. It may be, but has not been shown, that any or all of the documents [none of which have been particularized by the intervenor—even in a general sense] are relevant and non-privileged; that is, that the documents to which Command Trust seeks access are *discovery* documents within the meaning of *Public Citizen, supra.* The motion of the Command Trust Network, Inc.—to the extent that Command Trust seeks substantive relief—is accordingly denied without prejudice.[18]

---

ently given free rein to peruse through defendant McGhan's entire document depository, culling and copying whatever fit their fancy.

**17.** That is to say, assuming that Rule 5(d) *requires service* of documents made available for inspection pursuant to a Rule 34 request—an assumption that this court rejects for the reasons set forth immediately above in Part I.D, of this Memorandum of Decision.

**18.** Without prejudice for this reason: In Part I.D.1, above, this court concluded that none of the discovery documents—as opposed to the *written response*—were required to be *served* on plaintiffs within the meaning of Rule 5(a), F.R.Civ.P., and, thus, that Rule 5(d)—upon

which Command Trust relies—is simply inapplicable.

In the event, however, that this court erred in that conclusion, for the reasons set forth in I.D.2 above, fairness only requires that defendant McGhan—which provided an open door discovery process based on the protective order and stipulation of confidentiality—be provided an opportunity to show that documents to which Command Trust now seeks access are not *discovery* documents within the meaning of Rule 5(d) and Local Rule 16(g).

Moreover, should Command Trust renew its motion for the relief sought, it should be prepared to show that it cannot as readily obtain those very same documents from the document

## II. *The Motion filed by Plaintiff*

To the extent that plaintiffs, by way of their Motion for Relief from Confidentiality Stipulation and Protective Order (# 93), seek relief from that stipulation and protective order for the purpose of submitting the six exhibits referred to in that motion to the Food and Drug Administration, that motion is—with the assent of defendant McGhan—allowed.

To the extent that plaintiffs seek to disclose those documents generally, or even to other counsel, the motion is denied.

In support of their position, counsel for plaintiffs, at the hearing before this court, suggested that disclosure to other counsel was necessary for preparation of plaintiffs' case before this court. The Confidentiality Stipulation and Protective Order, however, does not preclude that preparation. To the contrary, Section 4 of that Confidentiality Agreement and Protective Order specifically provides:

4. Counsel for Plaintiffs shall not disclose or permit the disclosure of any material or information designated as confidential under this Stipulation and Protective Order to any other person or entity except in the following circumstances:

(a) Disclosure may be made to employees of counsel who have direct functional responsibility for the preparation and trial of this action or in the appeal herein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Stipulation and Protective Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter "expert") employed by counsel to assist in the preparation and trial of this litigation. Prior to disclosure to Plaintiff and any expert, they must agree to be bound by the terms of this Stipulation and Protective Order by executing the confidentiality Agreement annexed hereto as Exhibit

A. A copy of each executed Confidentiality Agreement shall be delivered to counsel for Defendant at the time the Plaintiff lists its experts which it intends to call at trial. If disclosure is made to persons employed by competitors or to consultants hired by competitors of Defendant, McGhan Medical Corporation, then such persons must agree to not use such information for competitive purposes.

5. Counsel for Plaintiff shall keep all material or information designated as confidential which is received under this Stipulation and Protective Order in a secure and locked file with access limited to those persons with a need to know for the purpose of preparation of the case.

Section 4 clearly permits counsel for plaintiffs to use the material in preparation of their case before this court. Plaintiffs have proffered no valid reason to excuse them from the terms of their prior agreement.

---

depository established in the class action now pending in the Southern District of Ohio. There is simply no reason why defendant McGhan

should be required to establish document depositories in each and every jurisdiction where suit is brought.